UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE COTE**

12 CV 2629

--------------------------------------------------------------X

GREGORY PETERS,

Plaintiff,

-against-

CITY OF NEW YORK, HUGH BARRY, Individually, and
JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are presently
unknown),

Defendants.

--------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

APR 04 2012
CASHIERS

Plaintiff GREGORY PETERS, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

## Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff GREGORY PETERS is a twenty-five year old African American man.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, HUGH BARRY and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.    On August 22, 2010, at approximately 4:10 a.m., plaintiff was lawfully present in front of 237 West 42nd Street, Manhattan, New York, when the defendant police officers sprayed pepper spray in plaintiff's face, grabbed plaintiff's arms, and repeatedly punched plaintiff in his back causing plaintiff to fall to the ground.

13.    While plaintiff was on the ground, the defendant officers repeatedly kicked plaintiff in his back, and punched plaintiff in his face.

14.    The defendant officers handcuffed plaintiff, pulled plaintiff to his feet, imprisoned him in a police vehicle, and transported him to an NYPD police precinct stationhouse.

15.    The defendants imprisoned plaintiff until his arraignment on docket no. 2010NY062533; said charges having been filed in New York County Criminal Court based on the false allegations of the defendant BARRY. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned acts of brutality and abuse of authority.

16.    On October 28, 2010 all the false charges levied against plaintiff were adjourned in contemplation of dismissal and subsequently dismissed and sealed.

17.    Defendant BARRY and JOHN and JANE DOE 1 through 10, either participated in, or were present or otherwise aware of the incident failed to intervene in, the illegal conduct described herein.

18.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to discrimination

3

against plaintiff based on his race.

19.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force; improperly abuse their authority to arrest individuals in an attempt to cover up their use of excessive force; and commit perjury, engage in falsification, and/or manufacture evidence to convict such individuals.

20.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

21.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

22.     As a result of the foregoing, plaintiff GREGORY PETERS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

23.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs "1" through "22" with the same force and effect as if fully set forth herein.

24.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

25.    All of the aforementioned acts deprived plaintiff GREGORY PETERS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

26.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

27.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

28.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

29.    As a result of the foregoing, plaintiff GREGORY PETERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

30.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.    Defendants arrested plaintiff GREGORY PETERS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

32.    Defendants caused plaintiff GREGORY PETERS to be falsely arrested and unlawfully imprisoned.

33.    As a result of the foregoing, plaintiff GREGORY PETERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

34.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff GREGORY PETERS' constitutional rights.

36.    As a result of the aforementioned conduct of defendants, plaintiff GREGORY PETERS was subjected to excessive force and sustained physical injuries.

37.    As a result of the foregoing, plaintiff GREGORY PETERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

38.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.   Defendants maliciously issued criminal process against plaintiff GREGORY PETERS by causing him to appear in New York County Criminal Court.

40.   Defendants caused plaintiff GREGORY PETERS to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

41.   As a result of the foregoing, plaintiff GREGORY PETERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

42.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.   Defendants had an affirmative duty to intervene on behalf of plaintiff GREGORY PETERS, whose constitutional rights were being violated in their presence by other officers.

44.   The defendants failed to intervene to prevent the unlawful conduct described herein.

45.   As a result of the foregoing, plaintiff GREGORY PETERS was subjected to excessive force, his liberty was restricted for an extended period of time, he was put in fear of his

safety, and he was humiliated and subjected to handcuffing and other physical restraints, and detained without probable cause.

46.    As a result of the foregoing, plaintiff GREGORY PETERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN SIXTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

47.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.    The defendants seized, assaulted, battered detained, arrested and imprisoned plaintiff GREGORY PETERS, because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

49.    As a result of the foregoing, plaintiff GREGORY PETERS was deprived of his rights under the Equal Protection Clause of the United States Constitution.

50.    As a result of the foregoing, plaintiff GREGORY PETERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

51.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.    The supervisory defendants personally caused plaintiff GREGORY PETERS'

constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

53.     As a result of the foregoing, plaintiff GREGORY PETERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, subjecting individuals to excessive force; falsely arresting said individuals in an effort to cover up their use of excessive force; and, committing perjury, engaging falsification, and/or manufacturing evidence in an effort to convict said individuals. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff GREGORY PETERS' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, promote, compensate, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been

9

deliberately indifferent to, the acts and conduct complained of herein.

57.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff GREGORY PETERS.

58.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff GREGORY PETERS as alleged herein.

59.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff GREGORY PETERS as alleged herein.

60.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff GREGORY PETERS was seized, subjected to excessive force, falsely arrested and imprisoned.

61.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff GREGORY PETERS' constitutional rights.

62.     All of the foregoing acts by defendants deprived plaintiff GREGORY PETERS of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from the use of excessive force and/or the failure to intervene;

      C.     To be free from seizure and arrest not based upon probable cause;

      D.     To be free from malicious abuse of process;

E.    To be free from false imprisonment/arrest; and

F.    To receive equal protection under law.

63.    As a result of the foregoing, plaintiff GREGORY PETERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff GREGORY PETERS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damage against the individually named defendants in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       March 30, 2012

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff GREGORY PETERS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:    _____
       BRETT H. KLEIN (BK4744)

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

GREGORY PETERS,

                                        Plaintiff,

                                                              Docket No.

            -against-

CITY OF NEW YORK, HUGH BARRY, Individually, and
JOHN and JANE DOE 1 through 10, Individually, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                        Defendants.

-------------------------------------------------------------------------------X


**COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100